DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P.D.K., INC.,** a Florida corporation,
Appellant,

v.

**MADELINE** and **WILLIAM MCCONNELL,**
Appellees.

No. 4D18-3124

[January 8, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet C. Croom, Judge; L.T. Case No. 562017CA1650AXXXHC.

Louis Arslanian, Hollywood, for appellant.

Emily Komlossy of Komlossy Law, P.A., Hollywood, for appellees.

PER CURIAM.

Appellant corporation challenges a final summary judgment in appellee's action to permit inspection of corporate records of appellant, and to set a shareholder meeting pursuant to sections 607.1602 and 607.0703, Florida Statutes (2017). We affirm.

Appellant contended that appellees were not entitled to receive the records, because they were no longer shareholders of the corporation. Appellant maintained that they had forfeited their shares when they refused to infuse additional monies into the corporation. The shareholder agreement between the parties, however, had no provision for forfeiture or cancellation of shares for any reason. It further included a provision which required any modification of the agreement to be in writing and signed by all the parties. No such agreement was provided. While appellant contends that the contract was orally modified, the requirements of *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989 (Fla. 4th DCA 2014), were not met. Those requirements include:

> (a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); *and* (b) that both parties (or

at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); *and* (c) that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration).

*Id.* at 995. (Emphasis original.)

At the least, appellant failed to allege that the parties agreed upon and accepted an oral agreement that the appellees would forfeit their shares if they did not provide funds to the corporation. Appellees, through affidavit, stated that they never consented to any cancellation or forfeiture of their shares and provided emails and other documents to show no mutual assent. Appellant's principal's affidavit did not state that appellees had affirmatively assented to cancellation of their stock, merely that they had never objected. That is not the same as mutual assent. We affirm, as the trial court did not err in concluding that no material issues of fact remained, and that appellees were entitled to judgment as a matter of law.

Appellant also contends that the court committed reversible error, because it had filed a motion to amend which was not ruled upon but should have been granted. To preserve an issue for appeal, a party must obtain a ruling from the trial court. *See Carratelli v. State*, 832 So. 2d 850, 856 (Fla. 4th DCA 2002), and cases cited therein. Here, appellant filed the motion to amend five days before the hearing and did not notice it for hearing. Although the court heard some argument on the motion, it never granted or denied it. Therefore, the issue is not preserved.

*Affirmed.*

LEVINE, C.J., WARNER, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***